1 **MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
2 Launa Adolph (SBN 227743)
Kayvon Sabourian (SBN 310863)
3 1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
4 Tel: (310) 531-1900
Facsimile: (310) 531-1901
5
Attorneys for Plaintiff TAMARA
6 JACKSON, individually and on behalf of all
others similarly situated
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENVOY AIR, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS AND REPRESENTATIVE ACTION COMPLAINT**<br><br>1. Failure to Provide Meal Periods<br>2. Failure to Authorize and Permit Rest Periods<br>3. Failure to Pay Minimum Wages<br>4. Failure to Pay Overtime Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>7. Unfair and Unlawful Business Practices<br>8. Penalties under the Labor Code Private Attorneys General Act, as a Representative Action<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF TAMARA JACKSON ("PLAINTIFF"), individually and on behalf of all others similarly situated, hereby alleges as follows:

## INTRODUCTION

1. PLAINTIFF brings this action on behalf of herself and all other similarly-situated current and former non-exempt employees of defendant ENVOY AIR, INC. ("ENVOY AIR") and DOES 1 through 10 inclusive (collectively, "DEFENDANTS") who worked for DEFENDANTS in the State of California during the relevant statutory period to recover, among other things, unpaid compensation arising from DEFENDANTS' failure to provide employees meal and rest periods (or compensation therefor) as required under California law, unpaid minimum and overtime wages, and unreimbursed business expenses. PLAINTIFF also seeks penalties, interest, attorneys' fees, costs and expenses, and equitable, restitutionary and injunctive relief.

## JURISDICTION AND VENUE

2. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), the United States District Court for the Central District of California has jurisdiction in this matter because the matter in controversy exceeds the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any defendant.

3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because DEFENDANTS are subject to personal jurisdiction in this District and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4. PLAINTIFF is a resident of the State of California and a former employee of DEFENDANTS. PLAINTIFF was employed by DEFENDANTS as a non-exempt Operations Agent at Los Angeles International Airport ("LAX") from approximately February 19, 2016 through July 7, 2016.

5. PLAINTIFF brings this action on behalf of herself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees of DEFENDANTS in the State of California at any time within the period

beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

6. PLAINTIFF is informed and believes, and thereon alleges, that ENVOY AIR is, and at all times relevant hereto was, a Delaware corporation organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that ENVOY AIR is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, ENVOY AIR maintains offices and facilities, conducts business, and engages in illegal practices and policies in the County of Los Angeles, State of California.

7. The true names and capacities of DOES 1 through 10, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is responsible in some manner for the events and happenings referred to herein, and that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants. PLAINTIFF will seek leave of the Court to amend this Complaint to allege their true names and capacities when ascertained.

8. At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her or its co-defendant, and each was the alter ego of the other.

9. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying

PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide meal and rest periods; failing to pay overtime premiums; requiring, suffering, or permitting PLAINTIF and CLASS MEMBERS to work off the clock; and failing to compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures incurred in the discharge of their duties, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order.

10. PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

11. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts not yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

12. This action is appropriately suited for class treatment because:

    a. The potential class is a significant number. Joinder of all current and former employees individually would be impracticable.

    b. This action involves common questions of law and fact because the action focuses on DEFENDANTS' systematic course of illegal practices and policies which was applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

    c. PLAINTIFF's claims are typical of the claims of the CLASS MEMBERS because DEFENDANTS subjected all non-exempt employees to the same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

      d.    PLAINTIFF will fairly and adequately protect the interests of all CLASS MEMBERS and does not have any conflicts of interest with the CLASS MEMBERS.

## FIRST CAUSE OF ACTION

### Failure to Provide Meal Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 11]

### (Against all DEFENDANTS)

13. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 12.

14. During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to provide PLAINTIFF and CLASS MEMBERS full, uninterrupted, and timely meal periods as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001, § 11.

15. During the CLASS PERIOD, PLAINTIFF and other CLASS MEMBERS worked shifts which were more than five hours and were required, by company policy, to take their meal breaks between five hours and five-and-one-half hours after their shifts started. In some cases, PLAINTIFF and other CLASS MEMBERS were required to take their meal breaks more than five-and-one-half hours after their shifts started as a result of delayed planes, bad weather, a rush of planes needing service, or other factors.

16. During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS were not permitted to take their meal breaks because DEFENDANTS' policy required a minimum number of employees to be on duty at a given time and DEFENDANTS failed to staff enough employees to allow employees to take their meal breaks while meeting the staffing requirements. For example, on several occasions, PLAINTIFF was not allowed to take her meal break because one of her co-workers was pulled from the operations tower to help with payroll in the office. As a result, only PLAINTIFF and her lead remained in the operations tower. Because company policy required at least two people in the operations tower at any given time, PLAINTIFF and her lead were not allowed to take a break during their shift.

17. During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS were sometimes required to work more than ten hours in one day. When PLAINTIFF and CLASS MEMBERS worked more than ten hours in one day, they were not allowed to take a second meal break. For example, PLAINTIFF worked more than ten hours on May 13, 2016 and May 19, 2016 but did not receive a second meal break.

18. During the CLASS PERIOD, DEFENDANTS sometimes paid PLAINTIFF and other CLASS MEMBERS "Late Meal/Break Pay." However, these payments only covered a small number of the missed, late and short meal breaks. In addition, the payments for "Late Meal/Break Pay" were not paid at PLAINTIFF's and CLASS MEMBERS' regular rates of compensation.

19. As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been denied, and continue to be denied, the opportunity to take full, uninterrupted, and timely meal periods as required under California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9-2001, § 11.

20. DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

21. As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 9-2001.

///
///
///
///

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code § 226.7; IWC Wage Order No. 9-2001, § 12]

### (Against all DEFENDANTS)

22. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 21.

23. During the CLASS PERIOD, DEFENDANTS had, and continue to have, a policy and practice of failing to authorize and permit PLAINTIFF and CLASS MEMBERS to take rest breaks as required by California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12. As a result of DEFENDANTS' policies and practices as alleged herein, PLAINTIFF and CLASS MEMBERS regularly have been denied, and continue to be denied, the opportunity to take full, uninterrupted, and timely rest periods as required under California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12.

24. During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS were not relieved of their duties by supervisors so that they could take their rest breaks and no rest breaks were scheduled by DEFENDANTS. As a result, PLAINTIFF and CLASS MEMBERS regularly took their rest breaks in conjunction with their meal breaks, which were taken five hours or more after their shifts started.

25. During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS worked shifts that were over six hours. During these shifts, PLAINTIFF and CLASS MEMBERS were not relieved of their duties by supervisors so that they could take a second rest break and no second rest break was scheduled by DEFENDANTS. As a result, PLAINTIFF and CLASS MEMBERS regularly did not receive second rest breaks.

26. DEFENDANTS violated, and continue to violate, California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

7

CLASS AND REPRESENTATIVE ACTION COMPLAINT

27. As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violation of the California Labor Code and IWC Wage Order No. 9-2001.

## THIRD CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]

### (Against all DEFENDANTS)

28. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 27.

29. Pursuant to California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

30. During the CLASS PERIOD, DEFENDANTS failed to pay, and continue to fail to pay, PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

31. DEFENDANTS required PLAINTIFF and other CLASS MEMBERS who worked at LAX to clock-in and out for their shifts at a time clock located inside Terminal 4, if they were working in the tower, or at a time clock located at the remote terminal, if they were working at the remote terminal. To get to either time clock, PLAINTIFF and other CLASS MEMBERS were required to park their cars in the employee parking lot and take a bus to the designated drop-off area for employees at either Terminal 4 or the remote terminal. In Terminal 4, it took approximately two to five minutes to walk from the designated drop-off area to the time clock. In

MATERN LAW GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH, CA
90266

8

CLASS AND REPRESENTATIVE ACTION COMPLAINT

the remote terminal, it took approximately two to three minutes to walk from the drop-off area to the time clock. During the time it took to walk from the designated drop-off area to the punch clock, PLAINTIFF and CLASS MEMBERS were under the control of DEFENDANTS and expected to engage in work activities, such as taking direction from supervisors. However, DEFENDANTS did not compensate PLAINTIFF and other CLASS MEMBERS for this time.

32. During the CLASS PERIOD, DEFENDANTS automatically deducted thirty minutes form PLAINTIFF and CLASS MEMBERS' hours worked for their meal breaks, even if PLAINTIFF and CLASS MEMBERS did not record and did not take a meal break.

33. DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked hours for which they were not compensated.

34. DEFENDANTS' conduct described herein violates, and continue to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 9-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 9-2001, § 3]**

**(Against all DEFENDANTS)**

35. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 34.

36. Pursuant to California Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

37. PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and IWC Wage Order No. 9-2001, § 3; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, suffering or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks but not compensating them for this time and failing to include this time in their hours worked; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

38. During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS worked holidays and were paid a higher rate of pay for those hours worked. However, DEFENDANTS failed to include these shift differentials when calculating the regular rate of pay for overtime purposes; instead, DEFENDANTS paid PLAINTIFF and other CLASS MEMBERS overtime based on their regular hourly rate. For example, during Memorial Day weekend in 2016, PLAINTIFF worked a holiday and was paid $24.06 per hour for those hours worked. However, during that pay period, all overtime hours were paid at a rate of $24.06, rather than one-and-one-half times the weighted average.

39. DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked overtime hours for which they were not properly compensated.

40. In violation of California law, DEFENDANTS knowingly and willfully refused, and continue to refuse, to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a direct and proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, resulting in damages in amounts according to proof at time of trial and within the jurisdiction of this Court.

41. DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 9-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194 and 1197.1 and other applicable provisions under the California Labor Code and IWC Wage Order, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

42. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 41.

43. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged.

44. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

45. Pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her

employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

46. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

47. During the CLASS PERIOD, DEFENDANTS willfully failed, and continue to willfully fail, to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

48. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

## SIXTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

49. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 48.

50. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

51. During the CLASS PERIOD, DEFENDANTS failed, and continue to fail, to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for cell phone usage and other employment-related expenses, in violation of California Labor Code § 2802.

52. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code § 17200, et seq.]**

**(Against all DEFENDANTS)**

53. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 52.

54. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to timely pay all wages due, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, et seq.

55. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over

a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

56. DEFENDANTS have avoided providing PLAINTIFFS and CLASS MEMBERS of minimum wages, overtime wages, meal period premiums, rest break premiums, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

57. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

58. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## EIGHTH CAUSE OF ACTION

**Representative Action for Civil Penalties**

**[Cal. Labor Code §§ 2698–2699.5]**

**(Against All DEFENDANTS)**

57. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 12 and the subparagraphs thereto.

58. PLAINTIFF is an aggrieved employee within the meaning of California Labor Code § 2699(c) and a proper representative to bring a civil action on behalf of herself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF was employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF.

59. Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 558, and 1197.1 and IWC Wage Order No. 9-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60. Pursuant to California Labor Code § 2699.3, on November 22, 2016, PLAINTIFF gave written notice by online filing to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Order alleged to have been violated, including the facts and theories to support the alleged violations. More than sixty-five (65) calendar days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61. Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, individually and on behalf of all others similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;

2. For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

1  3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;

2  4. For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

3  5. For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Order and from engaging in the unlawful business practices complained of herein;

4  6. For waiting time penalties pursuant to California Labor Code § 203;

5  7. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 2698–2699.5;

6  8. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287 and 3288, and/or any other applicable provision providing for pre-judgment interest;

7  9. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, and 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

8  10. For declaratory relief;

9  11. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, and Seventh causes of action as a class action;

10 12. For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

11 13. For such further relief that the Court may deem just and proper.

DATED: April __, 2017

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
LAUNA ADOLPH
KAYVON SABOURIAN
Attorneys for Plaintiff TAMARA JACKSON, individually and on behalf of all others similarly situated

## DEMAND FOR JURY TRIAL

PLAINTIFF, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

DATED: April 12, 2017

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
LAUNA ADOLPH
KAYVON SABOURIAN
Attorneys for Plaintiff TAMARA JACKSON, individually and on behalf of all others similarly situated